PHILIP BOLOTIN, Respondent, *v.* SARAH A. JEFFERSON, Appellant.·

(Supreme Court, Appellate Term, First Department, February, 1917.)

Evidence — in action to recover for work, labor and services — witness — contract — trial — Penal Law, § 439.

> Where in an action to recover for work, labor and services two disinterested and unimpeached witnesses for defendant testified to admissions of plaintiff which conclusively established that he, in order to induce the making of the contract in suit, and in violation of section 439 of the Penal Law, entered into an agreement with defendant's agent, which was intended by both to influence the awarding of subsequent contracts to plaintiff, it is error to direct judgment in favor of plaintiff on the ground that the evidence was not specific enough to defeat a recovery, and the judgment will be reversed and a new trial granted.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, in favor of plaintiff.

William F. S. Hart (Sumner B. Stiles, of counsel), for appellant.

Leo Schafran, for respondent.

GUY, J.    Defendant appeals from a judgment in favor of plaintiff entered by direction of the court, after a trial without a jury, in an action to recover the value of work, labor and services.

The answer contains a general denial, and also sets up two separate and distinct defenses: *First,* that the ·services rendered by plaintiff were rendered pursuant

to an unlawful, corrupt and illegal agreement made between plaintiff and defendant's agent, one Berger, whereby for the purpose of inducing said Berger to place the order for said work with plaintiff the plaintiff agreed to pay said Berger ten per cent of the price thereof in violation of the statute law of the state; *second*, that whatever services were rendered by plaintiff were performed and rendered wholly upon the credit of the defendant's agent Berger, as principal, and not on the credit of the defendant.

On the trial Justice Lauer, called by defendant, testified that in April and May, 1916, he had conversations with the plaintiff, of which he made written memoranda at the time, which memoranda he used to refresh his memory while testifying; that plaintiff exhibited to him his books and that plaintiff's ledger showed that on January 14, 1916, he received a check and notes from Berger aggregating $724.53; that he had previously examined the books of Berger, doing business as John J. Clancy & Co., which examination showed a difference of $102.73 in favor of Berger in excess of $724.53; that plaintiff told the witness that the difference represented an allowance on account of commission, and that Berger had told plaintiff if he, plaintiff, did not pay Berger ten per cent commission, he could not get any work from Berger, and that the difference between the two book accounts represented a settlement between plaintiff and Berger for the months of September and October, 1915; that the account in plaintiff's books was a continuous account.

One Reece, called by the defendant, testified that he was manager of Clancy & Co. in the year 1915; that he had an interview with plaintiff in regard to estimates for a certain house and that the plaintiff asked the witness whether he should figure ten per cent off or should

figure net, and that plaintiff then explained about the ten per cent, that it was commission that was paid to Berger, and that the only reason why plaintiff gave the ten per cent was that if he did not give Berger the ten per cent, he could not get the work. Plaintiff denied that he ever promised a commission to Berger, denied that he ever told defendant's witness that he had allowed Berger a commission in order to get the work, and denied that he ever told defendant that he allowed Berger ten per cent for placing any work with him.

At the close of the case defendant moved to dismiss on the ground that the overwhelming weight of evidence established a corrupt agreement between plaintiff and defendant's agent, Berger, to induce Berger to place work with plaintiff, and that plaintiff was, therefore, not entitled to recover. This motion was denied with an exception, and the court directed judgment in favor of plaintiff on the ground that the evidence introduced by defendant was not specific enough to defeat plaintiff's right to recover. In so ruling we are of the opinion that the learned trial justice erred. Incompetent secondary evidence of the contents of certain books was improperly admitted, no sufficient foundation therefor having been laid; but disregarding said incompetent evidence, the proof, consisting largely of admissions of plaintiff, testified to by two unimpeached and disinterested witnesses, convincingly establishes that plaintiff, in order to induce the making of a contract between him and defendant, entered into an unlawful agreement with defendant's agent in violation of the statute, and said agreement was, therefore, null and void.

Section 439 of the Penal Law provides as follows: "Whoever gives, offers or promises to an agent,

employee or servant, any gift or gratuity whatever, without the knowledge and consent of the principal, employer or master of such agent, employee or servant, with intent to influence his action in relation to his principal's, employer's or master's business * * * and any person who gives or offers such an agent, employee or servant such commission, discount or bonus shall be guilty of a misdemeanor.''

That said unlawful agreement was entered into prior to the making of the contract in suit and the doing of the work thereunder does not affect the relevancy or materiality of the proof, the evidence being that it was an agreement intended by plaintiff and defendant's agent to influence the awarding of subsequent contracts to plaintiff by defendant's agent, which would include the contract in suit.

In *Sirkin* v. *Fourteenth Street Store,* 124 App. Div. 384, involving this same question, the court, in reversing the judgment in favor of plaintiff, said: '' Whether the purchasing agent of the defendant agreed to place the orders at the same time the plaintiff agreed to give him the bribe, or whether the orders were given subsequently, but based upon the plaintiff's unlawful contract to bribe the agent, is immaterial. * * * A contract made in violation of a penal statute, although not expressly prohibited or declared to be void, is prohibited, void and unenforcible, whether executory or executed.''

The judgment must, therefore, be reversed, and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.